■ In the Matter of the Claim of JEFFRY E. BRYANT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 125] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Following the termination of his employment with an agency engaged in insurance sales and real estate, claimant applied for and received unemployment insurance benefits. Thereafter, he formed a corporation known as J. Bryant Realty, Inc. The Board subsequently found claimant ineligible to receive unemployment insurance benefits on the basis that he was not totally unemployed. The Board further charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits on the ground that he made willful false statements to obtain benefits.

Claimant argues that the Board's decision is not supported by substantial evidence. Based upon our review of the record, we disagree. Claimant was the president and sole shareholder of J. Bryant Realty, Inc. He failed to notify the local unemployment insurance office that he had started his own business even though he was aware of his obligation to do so. After he incorporated the business, claimant established a corporate checking account, paid the expenses of incorporation and purchased some stationery. In addition, claimant had a real estate license and maintained membership in the multiple listing service. These "activities were in furtherance of a well-devised plan which was intended to produce income" (*Matter of Arseneau [Sweeney]*, 217 AD2d 876). Consequently, we find that substantial evidence supports the Board's finding that

claimant was not totally unemployed and made willful false statements to obtain benefits (see, *Matter of Gottwald [Sweeney]*, 216 AD2d 623).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.